**MARC D. BLACKMAN, OSB No. 730338**
E-mail: marc@ransomblackman.com
RANSOM BLACKMAN LLP
1400 Congress Center
1001 S.W. Fifth Avenue
Portland, Oregon  97204-1144
Telephone:   (503) 228-0487
Facsimile:   (503) 227-5984

Of Attorneys for Defendant Jonathan Christopher Mark Paul

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | NO. CR 06-60125-AA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JONATHAN CHRISTOPHER MARK PAUL,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

# TABLE OF CONTENTS

Page

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LEGAL DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

1.  Under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), a Sentence is "Reasonable" only if it Reflects an Inductive Application of the Guidelines, not a Deductive Exercise to Justify a Pre-Determined Result . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

2.  The Determination of a Reasonable Sentence Must Start with Defendant's Offense Level under the Guidelines, not the Mandatory Minimum Term of 18 U.S.C. §844(i) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3.  Assuming 18 U.S.C. §844(i)'s mandatory minimum sentence of 60 months is the correct starting point for the Court's sentencing decision, a sentence no greater than 37 months is reasonable . . . . . . . . . 18

4.  A Reasonable Sentence Imposed under the Sentencing Guidelines without Regard to 18 U.S.C. §844(i)'s mandatory minimum sentence could not exceed 37 months . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    a.  The Court improperly imposed this upward departure without notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    b.  The Court improperly imposed this upward departure in violation of the *ex post facto* Clauses of the United States Constitution and U.S.S.G. §1B1.11(b)(1) . . . . . . . . . . . . . . . . . . 24

    c.  There is no factual basis for imposing an upward departure on Mr. Paul for the Cavel West arson . . . . . . . . . . . . . . . . . . . . . 25

Page i -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
            REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S
            SENTENCING

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

d.    There is no legal basis for imposing a sentence on Mr. Paul greater than the range for the offense level one level greater than his Total Offense Level under U.S.S.G. §2K1.4(a)(4) as adjusted for acceptance of responsibility under U.S.S.G. §3E1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

# TABLE OF AUTHORITIES

**Page**

<u>Federal Cases</u>

*Communications Telesystems Int'l v. California Pub. Utility Comm'n*,
196 F.3d 1011 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S. Ct. 1883,
72 L. Ed. 2d 262 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*People of State of California v. Federal Communications Commission*,
905 F.2d 1217 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) . . . . . . . 19

*United States v. Auld*, 321 F. 3d 861 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Awad*, 371 F.3d 583 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Banco Intrenacional/Bital S.A.*, 110 F. Supp.2d 1272,
(C.D. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) . . . . . . . . . . . . . . . *passim*

*United States v. Burns*, 501 U.S. 129 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Calzada-Maravillas*, 443 F.3d 1301 (10th Cir.2006) . . . . . . . . . . . . . 29

*United States v. Cantrell*, 433 F.3d 1269 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Caputo*, 456 F. Supp.2d 970 (N.D. Ill. 2006) . . . . . . . . . . . . . . . . 28, 29

*United States v. Cardenas-Juarez*, 469 F.3d 1331 (9th Cir. 2006) . . . . . . . . . . . . . . . . 17

*United States v. Castaneda*, 9 F.3d 761 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 27

*United States v. Castillo*, 460 F.3d 337 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Chase*, 451 F.3d 474 (8th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . 29

Page iii -      DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
               REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S
               SENTENCING

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

*United States v. Coleman*, 895 F.2d 501 (8th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Collado*, 975 F.2d 985 (3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. Colussi*, 22 F.3d 218 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Duhon*, 440 F.3d 711 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Evans-Martinez*, 448 F. 3d 1163 (2006) . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Eyler*, 67 F.3d 1386 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Goroza*, 941 F.2d 905 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Kimbrew*, 406 F.3d 1149 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . 14

*United States. v. Mannino*, 212 F.3d 835 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. McBride*, 434 F.3d 470 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . 28

*United States v. Mohamed*, 459 F. 3d 979 (9th Cir. 2006) . . . . . . . . . . . . . 14, 16, 28, 29

*United States v. Ortiz*, 362 F.3d 1274 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 26

*United States v. Plouffe*, 436 F.3d 1062 (9th Cir. 2006), *as amended,*
445 F.3d 1126 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*United States v. Quach*, 302 F.3d 1096 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Quirante*, F. 3d __, 2007 WL 1462216 (11th Cir. 2007) . . . . . . . . . 17, 18

*United States v. Riley*, 335 F.3d 919 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . 25, 26

*United States v. Samuelsen*, No. 05-4280, 2006 WL 2826730 (3d Cir. 2006) . . . . . . . 28

*United States v. Sarkisian*, 197 F.3d 966 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 28

*United States v. Whitecotton*, 142 F.3d 1194 (9th Cir. 1998) . . . . . . . . . . . . . . . . . 25, 26

*United States v. Zelaya*, 114 F.3d 869 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 28

Page iv  -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
               REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S
               SENTENCING

**Federal Statutes**

18 U.S.C. §3553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 28, 29

18 U.S.C. §3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

18 U.S.C. §3553(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16-18

18 U.S.C. §3553(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

18 U.S.C. §844(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 16, 18, 20-22

**Federal Rules**

Fed. R. Cr. P. 32(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

U.S.S.G. Ch. 1, Part A3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

U.S.S.G. §1B1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

U.S.S.G. §1B1.3(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

U.S.S.G. §1B1.11(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25

U.S.S.G. §2K1.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 18, 31

U.S.S.G. §2K1.4(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 22, 23, 31

U.S.S.G. §3A1.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 20, 24, 25, 31

U.S.S.G. §3E1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20, 28, 31

U.S.S.G. §3E1.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

U.S.S.G. §5K1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 8, 10, 16, 18, 23

U.S.S.G. §5K2.0 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7, 8, 10, 20, 21, 22, 31

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

## INTRODUCTION

Defendant Paul was the last defendant to be sentenced in the related cases listed at pages 1-2 of Defendant Paul's Memorandum Regarding Application of Terrorism Guideline [U.S.S.G. §3A1.4].[1] Before sentencing, both the government and defendant submitted letters and memoranda to the Court. Defendant's submissions reflected his understanding that in the course of sentencing Kevin Tubbs, the Court had ruled that the Cavel West arson did not constitute a Federal Crime of Terrorism nor warrant an upward departure. Neither the Court nor the government contested this understanding prior to defendant's June 5, 2007 sentencing.

Following the parties' respective factual and legal presentations at defendant's June 5, 2007 sentencing and after hearing personally from Mr. Paul, the Court made findings, explained its guideline calculation, and announced defendant's sentence as follows:

THE COURT:        Count 2, arson of Cavel West.

The base offense level for this offense is 6, with an upward adjustment of 13 levels for amount of loss, and two levels for more than minimal planning.

The government contends that this offense qualifies for the terrorism enhancement because it was motivated to retaliate against the BLM's sale of wild horses to slaughterhouses. If the arson at the BLM horse corral had occurred first, I would have no problem finding that clear and convincing evidence supported

---

[1] Defendant hereby moves to have all publicly-filed pleadings and the transcripts of the sentencing proceedings in each of these cases made a part of the record in this case.

Page 1 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

such a motivation. However, those arsons occurred after Cavel West, and the communique issued after this offense referenced the arson itself, putting the, quote, horse murdering, quote, plant out of business. Therefore, I find that the government has not established that the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct, resulting in an offense level of 21.

Acceptance of responsibility.

Based on the agreement of the parties, you will receive a three-level downward adjustment for acceptance of responsibility, resulting in an adjusted offense level of 18.

Criminal history category.

You have one criminal history point, resulting in a criminal history category of I.

Upward departures.

Under 5K2.0, I have the discretion to depart where the guidelines do not adequately take into account aggravating circumstances of the offense conduct.

Contrary to Mr. Blackman's recollection, however, I did upward depart with respect to Cavel West in Mr. Tubbs' case, just collectively with his other offenses, so that his offense level was the same as if the enhancement had applied.

As I found -- as I found in that case, the applicable guidelines do not adequately take into account the intent to frighten, intimidate, and coerce private individuals through arson. Notably, the communiques after Cavel West describe enjoyment or satisfaction in destroying property. As I indicated with respect to the other conspirators, I do not necessarily think that using intimidation, arson, to target private companies should be treated much differently than targeting government.

But what has occurred to me is that in this case, a statutory mandatory minimum of 60 months applies, and that the government has agreed to depart downward to 57 months regardless of my enhancement.

Page 2 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
REQUEST FOR BRIEFING ON ISSUES SURROUNDING
DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Therefore, rather than going up to an offense level 30 and then back down to 25 after the government's motion, I will simply not impose the enhancement, although that does not change the nature of the defendant's conduct.

Based on the 60-month mandatory minimum application here, the offense level is calculated at 25. The criminal history category score criminal history score of I, with a guidelines range of 57 to 71 months.

And I'm noting that Mr. Peifer made the motion at the conclusion of his presentation, so I have taken that into account, moving the 60-month mandatory minimum, and granting the motion for a three-level reduction, to 57 months.

Likewise, I have discretion to depart downward and increase the downward departure for substantial assistance under 5Kl.l and to take into account mitigating circumstances under 5K2.0.

I have tried to look at each defendant individually, the nature of their cooperation, their own rehabilitative efforts, the extent or existence of any remorse, their propensity to further -- commit further crimes, and other factors in determining whether a further downward departure is warranted, while at the same time recognizing the parties' plea negotiations.

As I indicated yesterday, I have not departed downward more than two levels, even for those defendants who provided assistance to the government at great cost to them personally, and even though the law gives greater recognition for substantial assistance. I am not inclined, nor do I think the law supports, to grant a greater downward departure for those defendants who chose to limit their participation.

So with respect to Mr. Block and Ms. Zacher, through their actions and words, they provided the court with absolutely no basis for further departure. I gave Mr. McGowan the benefit of the doubt of his stated cooperation and attempts to serve the public since his last actions and departed an additional level, even though I am not aware of an instance outside this courtroom where he has renounced his prior criminal action or similar conduct.

I will give you that same benefit based on your own rehabilitative efforts, your voluntary public service, and your statement in this courtroom today renouncing arson as a form of activism.

Page 3 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
             REQUEST FOR BRIEFING ON ISSUES SURROUNDING
             DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Therefore, I will depart an additional one level for a final offense level of 24 and an applicable guidelines range of 51 to 63 months.

As I indicated, I have considered the factors set out in 18 U.S.C. §3553, selecting a sentence that addresses the nature and circumstances of the offense; your own history; characteristics; factors that I have discussed earlier; the goals of sentencing, punishment, rehabilitation, community safety; and to provide adequate deterrence for further conduct. June 5, 2007 transcript appended hereto as Exhibit 102[2] at 9-13.

This recitation by the Court provoked the following exchange between the Court

and defense counsel:

| | |
|---|---|
| Defense Counsel: | I'm not quite sure I followed your calculation. I understood base offense and the adjustment for loss and [more than] minimal planning and the acceptance. |
| | But I'm not sure I -- |
| THE COURT: | What I ended up doing is taking the statutory sentence and then accepting the motion made by the government. And I took it down to what would be an equivalent level to 51 months. |
| Defense Counsel: | All right. So did the government, then, not make a motion based on the plea agreement? There were two parts to the government's commitment here. One was – |
| THE COURT: | Um-hmm. |
| Defense Counsel: | -- to make the motion that freed the matter from the mandatory minimum. |

---

[2] Defendant offered one exhibit during the June 5, 2007 sentencing proceeding - the surveillance video of a horse slaughterhouse in operation. It was marked and received as Exhibit 101. Defendant will offer each of the exhibits attached to this Memorandum on July 3, 2007, when the sentencing proceeding is resumed. They therefore continue with the numbering system begun on June 5, 2007.

Page 4 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

THE COURT:            Right. And they did that, and I noted that.

Defense Counsel:     Right. The other was to recommend a downward departure for cooperation of up to 17 levels.

THE COURT:            Um-hmm.

Defense Counsel:     And I --

THE COURT:            And I did that, and I took it -- instead of 17 levels, I took it to --

Defense Counsel:     But we started at 18. How do we go up from there if they moved for a downward departure?

THE COURT:            Because -- all right. Here's what I'm going to do: I'm going to take a break, because what I'm going to do is go back and do the calculations.

                      What I tried to do was simplify it and just make this sentencing based on the statutory maximum of 60 months and then go down from there and really not go through the mathematical calculations, because I don't need to do that. I have two ways of doing the sentence.

Defense Counsel:     But the government's committed to make a motion.

THE COURT:            Well, then I'm not done. Then I will have to go back and do a second round, which will get me to the same point, but I will do that and put that on the record, because my intent is to do the calculations in a way that gets us to that departure level and that number of 51 months under both sets of analyses.

                      So if you want to have that, I'm happy to do that, but I will have to take a minute and walk through the calculations through the book.

Defense Counsel:     Thank you.    June 5, 2007 transcript appended hereto as Exhibit 102 at 19-21.

Page 5 -       DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
               REQUEST FOR BRIEFING ON ISSUES SURROUNDING
               DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

When court reconvened, the Court recited a different guideline analysis, which the Court announced was explicitly designed to justify the same sentence:

THE COURT: Thank you very much.

If there's a confusion, I'd like to clear it up ahead of time * * *

...[T]he calculations are important and making a record is important, and so I'm happy to go back.

And I think I was listening, Mr. Peifer, when you made your motions and you gave your alternatives, and I suspect counsel may not have heard it the same way.

So out of an abundance of caution, I have gone back and made my analysis clear and my calculations to comport with what I think the law allows the court to do.
                                        * * *
Count 2, arson of Cavel West.

The base offense level for this offense is 6, with an upward adjustment of 13 levels for amount of loss, and two levels for more than minimal planning. I'm going to skip some of the language that I used earlier. It's nonetheless important in reference, but I don't think I need to do that to put the calculations on the record.

Therefore, I find that the government, for all the reasons I stated earlier, the government has not established that the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct for the reasons I stated earlier, resulting in an offense level of 21.

Acceptance of responsibility.

Based on the agreement of the parties the defendant will receive a three-level downward adjustment for acceptance of responsibility, resulting in an adjusted offense level of 18.

//

Page 6 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
            REQUEST FOR BRIEFING ON ISSUES SURROUNDING
            DEFENDANT'S SENTENCING

Defendant has one criminal history point, resulting in a history category then of I.

Upward departures.

Under 5K2.0, I have the discretion to depart where the guidelines do not adequately take into account aggravating circumstances of the offense conduct.

As I stated earlier, I did an upward departure with respect to Cavel West in Mr. Tubbs' case, just collectively with his other offenses, so that his offense level was the same as if the enhancement had applied. As I found in that case, the applicable guidelines do not adequately take into account the intent to frighten, intimidate, and coerce private individuals through arson, a dangerous act. Notably, the communique after the Cavel West arson described enjoyment or satisfaction in destroying property. As I indicated with respect to the other conspirators, I do not necessarily think that using intimidation, arson, to target private companies should be treated much differently than that of targeting government.

What I was trying to accomplish earlier is this:

A statutory mandatory minimum of 60 months applies to this case, and the government has agreed to depart downward for substantial assistance to a base offense level that results in a low end of 57 months, regardless where the court comes out on the offense level, I think, if I understand Mr. Peifer's earlier motion.

Therefore, rather than applying an upward adjustment under 5K2.0 to an offense level of 30 and then back down to 25 after the government's expected motion, I thought I would skip the upward adjustment and simply calculate the offense level at 25, which is consistent with the mandatory minimum of 60 months.

And then accept the government's alternative motion to depart downward by three months from the 60-month mandatory minimum. Mr. Peifer gave two alternatives on how to approach the calculations. I was simply trying to simplify the calculations. I did not state and I did not intend to accept the government's motion, decline to adjust upward, and then go from a level 18. Notably, the government's motion for substantial assistance was only to 57 months, and under 5K1.1, I must give great weight to the government's recommendation.

Page 7 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
            REQUEST FOR BRIEFING ON ISSUES SURROUNDING
            DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Because that has caused issues and confusion, I will go back to the same calculations I have utilized in other cases.

Under 5K2.0, I will depart upward by 12 levels for aggravating circumstances not considered by the guidelines for an offense level of 30. Accordingly, the offense level is calculated at 30, with a criminal history of I. The guidelines range, then, is 97 to 121 months.

Now I will hear the government's motion, which I sort of presumed from the earlier comments.

Government Counsel:     Yes. We would move for a five-level downward departure to offense level 25, criminal history category I, which gives a guideline range of 57 to 71 months, and we recommend 57 months.

THE COURT:     Thank you.

Likewise, I have the discretion to depart downward and increase the downward departure for substantial assistance under 5K1.1 and take into account mitigating circumstances under 5K2.0.

And as I have said earlier, I tried to look at each defendant individually, the nature of their cooperation, their own rehabilitative efforts, the extent or existence of any remorse, their propensity to commit further crimes, and other factors in determining whether a further downward departure is warranted, while at the same time recognizing the parties' plea agreement.

As I indicated yesterday, I have not departed downward more than two levels, even for those defendants who have assisted -- provided assistance to the government at great cost to them personally, and even though the law gives greater recognition for substantial assistance. I am not inclined, nor do I think the law supports, to grant a greater downward departure for those defendants who choose not to fully participate and take advantage of that offer and who limit their participation. And because I have that discretion, that's how I'm choosing to exercise it.

//

Page 8 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
            REQUEST FOR BRIEFING ON ISSUES SURROUNDING
            DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

With respect to Mr. Block and Ms. Zacher, through their actions and words, they provided the court with absolutely no basis to further depart. I gave Mr. McGowan the benefit of the doubt of his stated cooperation and attempts to serve the public since his last actions and departed an additional level, even though I'm not aware of an instance outside of this courtroom where he has renounced his prior criminal actions or similar conduct.

And I said earlier, and I mean it, I will give you the same benefit, based on your own rehabilitative efforts, your voluntary public service, and the statement given in court today renouncing arson as a form of activism.

Therefore, as I indicated, I will depart downward one additional level for a final offense level of 24 and an applicable guidelines range of 51 to 63 months.

And I have walked through the process of imposing the sentence, and I hope, Mr. Blackman, that clarifies the question that you had. June 5, 2007 transcript appended hereto as Exhibit 102 at 21-27.

In response to the Court's revised method for arriving at defendant's sentence, defense counsel "urged the Court to reflect on whether the Court should select a mechanism that has been rejected...specifically today with respect to this defendant in this sentencing, to come to justify a predetermined guideline calculation." June 5, 2007 transcript appended hereto as Exhibit 102 at 29. The Court thereupon suspended the sentencing proceeding pending further briefing by the parties. June 5, 2007 transcript appended hereto as Exhibit 102 at 30-31.

//

//

//

//

Page 9 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

## SUMMARY OF ARGUMENT

On June 5, 2007, prior to pronouncing sentence on Mr. Paul, the Court explicitly found that the Cavel West arson was not a Federal Crime of Terrorism, explicitly exercised its discretion under U.S.S.G. §5K2.0, and determined to not impose any upward departure. The Court then pronounced sentence on Mr. Paul, starting its guideline calculation with the 60 month mandatory minimum term of 18 U.S.C. §844(i) [to which the Court assigned Offense Level 25 (57-71 months)] rather than the Offense Level produced by U.S.S.G. §2K1.4 [21 (37-46)]. The Court appeared to believe that because the low-end of the range for a Level 25I Offense was 57 months, this starting point fulfilled not only the government's obligation under ¶13A of the plea agreement "to move, as authorized by 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1, to authorize the Court to impose a sentence below a level established by statutes as a minimum sentence," but also its obligation under ¶13B "to recommend up to a 17 level downward departure pursuant to U.S.S.G. §5K1.1..." Granting Mr. Paul no other adjustments, the Court then departed down one level [explaining that this was consistent with its actions in all related cases] and imposed a 51 month sentence on Mr. Paul pursuant to guideline gridblock 24I.

After defense questioned the legal correctness of the Court's use of 18 U.S.C. §844(i)'s mandatory minimum term as the starting point for its guideline calculations, the Court called a recess explicitly "to go back and do a second round,

Page 10 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

which will get me to the same point." The Court then did so by accepting U.S.S.G. §2K1.4 's Offense Level of 21 as the proper starting point, but imposing the upward departure it had rejected only minutes earlier.

The "forced-balanced equation" approach the Court employed to impose a 51 month sentence on Mr. Paul belies the "reasonableness" of that sentence. It violated the fundamental purpose of the Guidelines - to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction.

On a more practical and important level, however, the Court simply misapplied the advisory guidelines in each version of its guideline calculations. Its initial calculation based on 18 U.S.C. §844(i)'s mandatory minimum denied Mr. Paul both the three-level downward adjustment for acceptance of responsibility to which he was entitled as a matter of right and the downward departure for assistance to which he was entitled as a matter of contract. Factoring these necessary adjustments into the Court's initial guideline calculation results in an Offense 20I gridblock and a sentencing range of 33-41 months. The absence of any statutory concerns that would warrant a sentence above this range mandates that under the Court's initial methodology, a sentence of 37, not 51, months constitutes a "reasonable sentence."

Errors of a different sort, but comparable consequence infected the Court's alternative calculation. It depended not only on an upward departure that violated the *ex post facto* Clauses of the United States Constitution and, in the exercise of its

Page 11 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

discretion, had already been passed on by the Court, but did so without notice to defendant and on the basis of conduct of another for which he was not responsible. Moreover, the Court imposed a greater consequence on Mr. Paul for this conduct than it had on the person responsible for it, thereby violating the proportionality principles of the guidelines. Therefore, even if it were not an abuse of discretion for the Court, without notice, to rescind its finding that the Cavel West arson did not warrant an upward departure and impose a departure on for that offense, the maximum departure it could impose was the one-level departure imposed on Kevin Tubbs. That increase, together with the minimum one-level downward departure the government was obligated to secure under the plea agreement and the additional downward departure the Court had granted to all similarly-situated defendants, produces an Offense 16I gridblock and a sentencing range of 21-27 months. No statutory concerns that would warrant a sentence above this range exist. Therefore, given the parties' plea agreement, the maximum "reasonable" sentence the Court could impose following its alternative guideline calculations is 37, not 51, months.

//

//

//

//

//

Page 12 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
              REQUEST FOR BRIEFING ON ISSUES SURROUNDING
              DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

## LEGAL DISCUSSION

1.    **Under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), a Sentence is "Reasonable" only if it Reflects an Inductive Application of the Guidelines, not a Deductive Exercise to Justify a Pre-Determined Result**

The "basic objective" of the Sentencing Reform Act of 1984 "was to enhance the ability of the criminal justice system to combat crime through an effective, fair sentencing system. To achieve this end, Congress first sought honesty in sentencing." U.S.S.G. Ch. 1, Part A3 [The Basic Approach (Policy Statement)]. In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court reiterated that:

> Congress' basic statutory goal-a system that diminishes sentencing disparity-depends for its success upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction. *Booker*, 543 U.S. at 250-51.

Hence, even under the post-*Booker* advisory Guideline system, a "reasonable" sentence is one that is based on the "Guidelines ranges, [while permitting] the court to tailor the sentence in light of other *statutory* concerns as well." *United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir. 2006) [emphasis added], *quoting Booker,* 543 U.S. at 245-46 [holding that "*Booker* requires that appellate courts review the reasonableness of all sentences, which is informed by the Guidelines calculation as well as by the other factors set forth in §3553(a) [including] sentences within the Guidelines range." *United States v. Plouffe*, 445 F.3d at 1128]. Consequently, the starting point for the imposition of a sentence *post-Booker* is a proper calculation of the applicable range under the advisory

Page 13 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

guidelines. As the Ninth Circuit held in *United States v. Mohamed,* 459 F. 3d 979

(9th Cir. 2006):

> [W]e review post-*Booker* criminal sentences in two steps. First, we determine whether the district court properly calculated the applicable range under the advisory guidelines [footnote omitted]. *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir. 2006); *see also United States v. Kimbrew,* 406 F.3d 1149, 1151-52 (9th Cir. 2005). In evaluating the district court's application of the advisory guidelines, we review its construction of the guidelines *de novo* and we review any factual findings made by the district court for clear error. *Cantrell,* 433 F.3d at 1279. We review the district court's application of the guidelines to the facts of the case for abuse of discretion. *Id.* If the district court improperly applied the advisory guidelines and the error in application was not harmless, we will remand for resentencing. *Id....*
>
> Second, whether the district court imposed a sentence inside or outside the applicable advisory range, we determine whether the sentence is reasonable. *Cantrell,* 433 F.3d at 1279; *see also United States v. Plouffe*, 436 F.3d 1062, 1063 (9th Cir. 2006), *as amended*, 445 F.3d 1126 (establishing jurisdiction to review sentences within the advisory guidelines). We have previously explained that district courts must provide specific reasons for their sentencing decisions, such that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in §3553(a). *United States v. Mohamed*, 459 F.3d at 985.

A proper calculation under the Sentencing Guidelines is a fact-driven, inductive

process; it is not a result-driven, deductive one. As the government itself recently argued

in seeking to have the Ninth Circuit declare a probationary sentence in a tax evasion case

declared "unreasonable:"

> In reviewing a sentence for reasonableness, the starting point is the guideline range [citations omitted].

* * *

Page 14 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
             REQUEST FOR BRIEFING ON ISSUES SURROUNDING
             DEFENDANT'S SENTENCING

That the District Court failed to consider the guideline range is evidenced by the court's outcome determinative sentencing approach. At the second sentencing, the District Court found a zero tax loss and accordingly calculated an adjusted offense level of 12 [and] sentenced defendant to three years of probation....Because the District Court erred in failing to correctly find the tax loss, this Court reversed and remanded for resentencing....On remand, the District Court found a tax loss of $5 million to $10 million. Accordingly, the court calculated an adjusted offense level of 24, and a sentencing range of 51 to 63 months' imprisonment....The court then imposed the same sentence it imposed at the second sentencing, even though it now found a $5 million to $10 million greater tax loss and a substantially higher guideline range....It was unreasonable for the court to impose the identical probationary sentence when it began with a guideline range of 51 to 63 months as when it began with a guideline range of 10 to 16 months. *See United States v. Duhon*, 440 F.3d 711, 716 (5th Cir. 2006) ("The court cannot reasonably impose the same sentence regardless of the correct advisory range any more than it could reasonably impose the same sentence regardless of the seriousness of the offense.")

Furthermore, the District Court indicated that it was imposing a sentence of probation no matter what the guideline range was. Apparently believing it necessary to perform a departure analysis under the Guidelines, the court stated that it was departing 12 levels in order to sentence defendant to probation....After the probation officer informed the court that a departure of 12 would require a prison sentence under the Guidelines, the court stated: All right. what I'm going to do then is I'm going to depart 14 levels."....As the government pointed out to the court, "this is just an illustration of really what's driving the sentence is outcome and not the analysis that's required." December 15, 2006 Brief for Appellant United States in *United States v. Dorothy Flowers*, United States Court of Appeals for the Ninth Circuit Case No. 06-30464 at 28, 30-31 [excerpt appended hereto as Exhibit 103].

This Court's altering efforts on June 5, 2007 to justify imposition of a 51 month sentence on Mr. Paul reflects precisely the kind of outcome-determinative sentencing foreclosed by *Booker* and its progeny. It reflects the absence of an "effort to determine,

Page 15 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

and to base punishment upon, the *real conduct*" that constitutes the *sine qua non* of reasonableness under *Booker* and its progeny. On July 3, 2007, therefore, the Court is urged to impose the reasonable sentence that flows from an inductive application of the factors identified by the Guidelines and 18 U.S.C. §3553(a).

> **2.     The Determination of a Reasonable Sentence Must Start with Defendant's Offense Level under the Guidelines, not the Mandatory Minimum Term of 18 U.S.C. §844(i)**

Paragraph 13A of the plea agreement in this case obligated the government "to move, as authorized by 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 to authorize the Court to impose a sentence below a level established by statute as a minimum sentence." On June 5, 2007, the Court deemed the government to have made this motion and then based its initial sentencing decision on a guideline analysis that treated the mandatory minimum 60 month term of 18 U.S.C. §844(i), as opposed to Mr. Paul's actual guideline offense level, as the starting point of the guideline calculation.

The Court probably erred doing so. There is pre-*Booker* authority that holds that the mandatory minimum is the starting point for granting downward departures. *United States v. Auld*, 321 F. 3d 861 (9th Cir. 2003). However, post-*Booker* Ninth Circuit case law appears to supplant *Auld*. Fundamentally, the court has declared departure analysis irrelevant to sentences imposed post-*Booker*. In *United States v. Mohamed*, 459 F. 3d 979 (9th Cir. 2006), the court joined the Seventh Circuit in concluding that "departures

//

Page 16 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

are no longer relevant in a post- *Booker* regime." *United States v. Mohamed*, 459 F.3d

at 986.[3]

More significantly, in *United States v. Cardenas-Juarez*, 469 F.3d 1331

(9th Cir. 2006), the court held that "the safety valve statute, 18 U.S.C. §3553(f), survives

*Booker* to *require* district courts to impose sentences pursuant to the *advisory* Sentencing

Guidelines." *United States v. Cardenas-Juarez*, 469 F.3d at 1334 [emphasis in the

original]. The language of 18 U.S.C. §3553(f) the court found to compel this result[4] is

identical to the language in 18 U.S.C. §3553(e):[5] both use of the term "shall" in directing

the trial court to impose a sentence "in accordance with the guidelines and policy

statements issued by the Sentencing Commission pursuant to section 994 of title 28."

Hence, *Cardenas-Juarez* appears to abrogate *Auld*. *In accord, United States v. Quirante*,

__ F. 3d __, 2007 WL 1462216, *3 (11th Cir. 2007); *United States v. Castillo*, 460 F.3d

337, 353-54 (2d Cir. 2006). As the court said in the former:

---

[3] As discussed below, the correctness of this conclusion is questionable, but for
purposes of assessing *Auld*'s continuing viability, it demonstrates that it would have on
bearing on a Ninth Circuit assessment of "reasonableness."

[4] "Notwithstanding any other provision of law, in the case of an offense [under the
Controlled Substances Act] the court shall impose a sentence pursuant to guidelines
promulgated by the United States Sentencing Commission under section 994 of title 28
without regard to any statutory minimum sentence..."

[5] "Upon motion of the Government, the court shall have the authority to impose a
sentence below a level established by statute as a minimum sentence...Such sentence shall
be imposed in accordance with the guidelines and policy statements issued by the
Sentencing Commission pursuant to section 994 of title 28, United States Code."

Page 17 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
             REQUEST FOR BRIEFING ON ISSUES SURROUNDING
             DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

when the requirements of §3553(f) are met, if a defendant has an advisory guidelines range lower than an otherwise applicable mandatory minimum, he must be given the benefit of the guidelines range in arriving at the advice that the guidelines furnish for the sentencing decision. *United States v. Quirante*, 2007 WL 1462216, *3.

Hence, Mr. Paul's offense level should therefore be determined by U.S.S.G. §2K1.4, not 18 U.S.C. §844(i).

**3.      Assuming 18 U.S.C. §844(i)'s mandatory minimum sentence of 60 months is the correct starting point for the Court's sentencing decision, a sentence no greater than 37 months is reasonable**

Even if the 60 month mandatory minimum sentence of 18 U.S.C. §844(i) is the correct starting point for calculating Mr. Paul's "reasonable" sentence, that sentence nonetheless could not exceed 37 months. This follows from Mr. Paul's entitlement to the three-level downward adjustment for acceptance of responsibility under U.S.S.G. §3E1.1 and his right to receive "up to a 17 level downward departure pursuant to U.S.S.G. §5K1.1 (and 18 U.S.C. §3553(e) if necessary)" pursuant to his plea agreement.

Accepting the Court's determination that the 60 month mandatory minimum term of 18 U.S.C. §844(i) established an offense level of 25 [June 5, 2007 transcript appended hereto as Exhibit 102 at 11], this only supplants the base offense level of 21 under U.S.S.G. §2K1.4(a)(4). Adjustments for acceptance of responsibility and downward departures under U.S.S.G. §5K1.1 must be deducted from this base. In the Court's initial sentencing rationale on June 5, 2006, the Court gave Mr. Paul no credit for either: it

//

Page 18 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

made no reference whatsoever to the former and granted no downward departure for the latter.[6]

This was clearly erroneous; a defendant who has demonstrated acceptance of responsibility must be granted a downward adjustment. *United States v. Eyler*, 67 F.3d 1386, 1390-91 (9th Cir. 1995);[7] *United States v. Colussi*, 22 F.3d 218, 219-220 (9th Cir. 1994).

Similarly, once the government has committed to seek a downward departure for assistance, it is obligated to do so. *Santobello v. New York,* 404 U.S. 257, 262-63, 92 S. Ct. 495, 498-99, 30 L. Ed. 2d 427 (1971); *United States v. Goroza*, 941 F.2d 905, 909 (9th Cir. 1991); *United States v. Quach*, 302 F.3d 1096 (9th Cir. 2002); *United States v. Awad*, 371 F.3d 583, 587 (9th Cir. 2004); *United States v. Coleman,* 895 F.2d 501, 505 (8th Cir. 1990). In this case, the government committed to recommend "up to a 17 level downward departure." That commitment would not be fulfilled by seeking or securing a departure of zero; "one" may be within the set of numbers "up to 17," but zero is not.

//

//

---

[6] This follows from the sentencing range of gridblock 25I, which is 57-71 months.

[7] "[I]f the requirements of §3E1.1(b) are met, then the additional one point reduction is mandatory, and the district court does not have the discretion to decline to award it. *United States v. Eyler*, 67 F.3d  at 1390.

Page 19 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
              REQUEST FOR BRIEFING ON ISSUES SURROUNDING
              DEFENDANT'S SENTENCING

Hence, accepting the mandatory minimum provision of 18 U.S.C. §844(i) as the

correct starting point for the guideline analysis, the proper guideline calculation for

Mr. Paul is:

| Guideline Provision | Guideline Application | Basis |
|---|---|---|
| 60 month Mandatory minimum term set by 18 U.S.C. §844(i) | 25 | June 5, 2007 transcript appended hereto as Exhibit 102 at 11. |
| Victim Related Adjustment [U.S.S.G. §3A1.4] | 0 | June 5, 2007 transcript appended hereto as Exhibit 102 at 9. |
| Adjustment for Acceptance of Responsibility [U.S.S.G. §3E1.1] | -3 | Final Presentence Report, ¶43; *United States v. Eyler*, 67 F.3d 1386 (1995) |
| Total Offense Level [prior to consideration of downward departure for assistance] | 22 | |
| Departure for circumstances not adequately taken into account by the Sentencing Commission [U.S.S.G. §5K2.0] | 0 | June 5, 2007 transcript appended hereto as Exhibit 102 at 10-11. |
| Minimum downward departure government obligated to secure under plea agreement | -1 | Plea Agreement |
| Minimum downward departure consistent with Court's actions in related sentencings | -1 | June 5, 2007 transcript appended hereto as Exhibit 102 at 11-13. |
| Total Offense Level | 20 | |
| Criminal History Category [U.S.S.G. §4A1.1] | I | June 5, 2007 transcript appended hereto as Exhibit 102 at 10. |

Page 20 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
            REQUEST FOR BRIEFING ON ISSUES SURROUNDING
            DEFENDANT'S SENTENCING

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

The range for a Level 20/Criminal History Category I Offense is 33-41 months. Because the Court explicitly found no basis to upwardly depart or otherwise enhance Mr. Paul's sentence when starting with the mandatory minimum sentence of 18 U.S.C. §844(i), the only reasonable sentence the Court could impose was within that range. A 37 month sentence qualifies as such a sentence; a 51 month sentence does not.

In short, a reasonable sentence based on the Court's initial application of the Sentencing Guidelines on June 5, 2007 would not exceed 37 months.

### 4. A Reasonable Sentence Imposed under the Sentencing Guidelines without Regard to 18 U.S.C. §844(i)'s mandatory minimum sentence could not exceed 37 months

Defendant submitted his sentencing letter on May 30, 2007. In it, he summarized what he believed to be the proper sentencing guideline calculations based on his understanding of the findings rendered by the Court during Kevin Tubbs' sentencing. *See* page 2 of May 30, 2007 letter from Marc Blackman to Hon. Ann Aiken [attached hereto as Exhibit 104 and hereby incorporated by reference]. This summary reflected defendant's understanding that the Court had ruled that the Cavel West arson constituted neither a Federal Crime of Terrorism nor a basis to impose an upward departure under U.S.S.G. §5K2.0. Neither the government nor the Court contested this understanding prior to Mr. Paul's June 5, 2007 sentencing.

At Mr. Paul's sentencing, the Court reiterated that the Cavel West arson did not constitute a Federal Crime of Terrorism. For the first time, however, it informed him that

Page 21 -   DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

he was wrong in believing that it had ruled in the Kevin Tubbs' sentencing that this offense did not warrant an upward departure under U.S.S.G. §5K2.0.[8] However, the Court then rendered this misunderstanding harmless by announcing that in light of the mandatory minimum term of 18 U.S.C. §844(i), it would "simply not impose the enhancement" on Mr. Paul. June 5, 2007 transcript appended hereto as Exhibit 102 at 11.

Following defendant's challenge to the Court's use of the minimum term of 18 U.S.C. §844(i) as the starting point of its guideline calculation, the Court reversed its departure determination and imposed, as part of a guideline analysis that accepted U.S.S.G. §2K1.4(a)(4) as the proper starting point of its calculation, a 12 level upward departure on the grounds that:

> the applicable guidelines do not adequately take into account the intent to frighten, intimidate, and coerce private individuals through arson, a dangerous act. Notably, the communique after the Cavel West arson described enjoyment or satisfaction in destroying property. As I indicated with respect to the other conspirators, I do not necessarily think that using intimidation, arson, to target private companies should be treated much differently than that of targeting government. June 5, 2007 transcript appended hereto as Exhibit 102 at 23-24.

//

---

[8] Correctly, it turns out. Contrary to the notes and recollections of all persons, including Mr. Paul's counsel, who attended Kevin Tubbs' sentencing, the Court in fact did include the Cavel West arson as one of offenses the Court found to be eligible for an upward departure under U.S.S.G. §5K2.0. May 24, 2007 transcript of sentencing in *United States v. Kevin Tubbs*, United States District Court for the District of Oregon Case No. CR 06-60070-AA, at 19 [copy appended hereto as Exhibit 105].

Page 22 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

On this basis, the Court increased Mr. Paul's offense level from 18 [the Total Offense Level produced by U.S.S.G. §2K1.4(a)(4) as adjusted for acceptance of responsibility] to 30. Neither the Court nor the government cited any other basis for upwardly departing or otherwise imposing a sentence that exceeded the guideline range for the final guideline level determined by the Court. The Court then granted a five level downward departure on the government's U.S.S.G. §5K1.1 motion, granted one additional departure as it had for similarly-situated defendants, and imposed a sentence under gridblock 24I of 51 months.

From this, it is clear that the reasonableness of this sentence depends entirely on the factual and legal correctness of the Court's imposition of a 12 level upward departure "for aggravating circumstances not considered by the guidelines" [June 5, 2007 transcript appended hereto as Exhibit 102 at 23-24] surrounding the Cavel West arson.

For the reasons that follow, imposition of this upward departure on Mr. Paul was neither factually nor legally permissible. Properly imposed, this departure could not warrant a sentence greater than 37 months. The maximum reasonable sentence the Court may therefore imposed on its "alternative" calculation of the Guidelines is 37 months.

>    **a.    The Court improperly imposed this upward departure without notice**

As noted by defendant Kendall Tankersley in the Motion to Correct Sentence or, in the alternative, to Re-Open the Sentencing Hearing in *United States v. Kendall*

Page 23 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

*Tankersley*, United States District Court for the District of Oregon Case No.

CR 06-60071-AA,[9] [a copy of which is attached hereto as Exhibit 106 and hereby

incorporated by reference], Fed. R. Cr. P. 32(h) requires the Court to "give the parties

reasonable notice that it is contemplating..a departure [from the applicable guideline

range...]." As noted above, no such notice provided to defendant Paul; on the contrary, his

apparent misunderstanding that the Court had determined in the Kevin Tubbs' sentencing

that no upward departure was warranted for the Cavel West arson was allowed to go

uncorrected until the evidentiary and legal argument portion of the June 5, 2007

sentencing proceeding was completed. This violation of Fed. R. Cr. P. 32(h) precluded

the Court from imposing this upward departure. *United States v. Burns*, 501 U.S. 129, 138

(1991); *United States v. Evans-Martinez*, 448 F. 3d 1163, 1167 (2006). For this reason

alone, the Court erred in attempting to justify 51 month sentence for Mr. Paul on the basis

of this departure.

> **b.     The Court improperly imposed this upward departure in violation of the *ex post facto* Clauses of the United States Constitution and U.S.S.G. §1B1.11(b)(1)**

As noted in Defendant Paul's Memorandum Regarding Application of Terrorism

Guideline [U.S.S.G. §3A1.4] at 22-23, the guideline authorization to upwardly depart for

an offense intended to "intimidate or coerce a civilian population, rather than to influence

---

[9] Defendant Paul hereby incorporates this motion and adopts all arguments set forth therein.

Page 24 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

or affect the conduct of government" was not adopted until many years after the Cavel

West arson and several years after the 2000 Sentencing Guidelines the parties agreed

applied to this case. For the reasons set out in defendant's earlier memorandum, this

rendered an upward departure a violation of the *ex post facto* Clauses of the United States

Constitution and U.S.S.G. §1B1.11(b)(1). For this reason alone, the Court erred in

attempting to justify a 51 month sentence for Mr. Paul on the basis of this departure.

> **c.    There is no factual basis for imposing an upward departure on
> Mr. Paul for the Cavel West arson**

As defendant Paul outlined in his May 4, 2007 Memorandum Regarding

Application of Terrorism Guideline [U.S.S.G. §3A1.4] at 29-30 and as the Court has

properly acknowledged throughout the sentencing proceedings in the cases associated

with this one, U.S.S.G. §1B1.3 and Application Note 2 to this guideline mandate "a

searching and individualized inquiry into the circumstances surrounding each defendant's

involvement in the conspiracy...to ensure that the defendant's sentence accurately reflects

his or her role." *United States. v. Mannino*, 212 F.3d 835, 840-41 (3d Cir. 2000), quoting

*United States v. Collado*, 975 F.2d 985, 991-92 (3d Cir. 1992). As the Ninth Circuit held

in *United States v. Riley*, 335 F.3d 919 (9th Cir. 2003):

> The scope of the jointly undertaken activity "is not necessarily the
> same as the scope of the entire conspiracy." U.S.S.G. §1B1.3, Application
> Note 2. Each conspirator is responsible only for the activities that fell
> within the scope of his particular agreement with the conspirators, and
> reasonably foreseeable behavior in furtherance of that particular agreement.
> *See United States v. Whitecotton,* 142 F.3d 1194, 1198-99 (9th Cir. 1998).

Page 25 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
REQUEST FOR BRIEFING ON ISSUES SURROUNDING
DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

> When determining a conspirator's relevant conduct under this section "the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake." *Id.* at 1197. *United States v. Riley*, 335 F.3d at 928.

The Court has further clarified recently that:

> [F]or sentencings governed by the revised guidelines which became effective November 1, 1992, district courts must make two findings in order to attribute the conduct of others to a defendant under §1B1.3(a)(1)(B): that the conduct was in furtherance of jointly undertaken criminal activity, *and* that it was reasonably foreseeable in connection with that activity. *United States v. Ortiz*, 362 F.3d 1274, 1275 (9th Cir. 2004).

During Mr. Paul's sentencing, in explaining why it had reversed itself and decided to impose an upward departure on Mr. Paul for the Cavel West arson, the Court relied entirely on the communique issued after that event:

> [T]he communique after the Cavel West arson described enjoyment or satisfaction in destroying property. As I indicated with respect to the other conspirators, I do not necessarily think that using intimidation, arson, to target private companies should be treated much differently than that of targeting government. June 5, 2007 transcript appended hereto as Exhibit 102 at 24-25.

This communique may not, however, in any way be attributed or imputed to Mr. Paul. On the contrary, it is undisputed that the Cavel West arson occurred on July 21, 1997. Information at 9-10, 26-27. It is undisputed that immediately after this event, Mr. Paul returned to his home in Southern Oregon. Discovery at Kolar 302 at 5 appended hereto as Exhibit 107. It is undisputed that the communique was not prepared until July 26, 2007. Discovery at Cavel West at 00418 appended hereto as Exhibit 108. It is

Page 26 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

undisputed that Kevin Tubbs prepared it. Ferguson Discovery at CW 302 at 00028-00029 appended hereto as Exhibit 109; Discovery at Tubbs 302 at 6, 56 appended hereto as Exhibit 110. It is undisputed that Mr. Tubbs created the "Equine and Zebra Liberation Front" name used to claim responsibility for the arson. Ferguson Discovery at CW 302 at 00028-00029 appended hereto as Exhibit 109. And it is undisputed that Mr. Tubbs decided on his own to prepare and release the communique because of his personal frustration that the arson had received no media attention in the Eugene area.[10]

Under the "searching and individualized inquiry into the circumstances surrounding each defendant's involvement in the conspiracy" required by the guidelines, the "intent to frighten, intimidate, and coerce private individuals" reflected in the communique cannot be attributed to Mr. Paul. Because it forms the sole factual basis for the Court's imposition of an upward departure for the Cavel West arson, Mr. Paul is not subject to that departure. On the contrary, because "there is no presumption of foreseeability, and the burden of proving foreseeability remains on the government" [*United States v. Castaneda,* 9 F.3d 761, 767 (9th Cir. 1993) (as amended)] and "the district court's factual determination of foreseeability 'must be supported by the particular

---

[10] As evidenced and confirmed by the last sentence of the communique, which stated:

> The media blackout of this action is intense and thorough but you know what?...The horses don't mind. Exhibit 108.

Page 27 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

facts and circumstances of the underlying [offense]' [*United States v. Zelaya,* 114 F.3d

869, 872 (9th Cir. 1997)], Mr. Paul may not be punished for the contents of this

communique. *United States v. Sarkisian*, 197 F.3d 966, 990 (9th Cir. 1999).

As a straight-forward matter of fact, therefore, it would be unreasonable to impose

a sentence on Mr. Paul based to any degree on an upward departure resulting from

Mr. Tubbs' Cavel West communique.

> **d.    There is no legal basis for imposing a sentence on Mr. Paul
> greater than the range for the offense level one level greater than
> his Total Offense Level under U.S.S.G. §2K1.4(a)(4) as adjusted
> for acceptance of responsibility under U.S.S.G. §3E1.1**

In *United States v. Mohamed*, 459 F.3d 979 (9th Cir. 2006), the Ninth Circuit

joined the Seventh in the minority view that "post-*Booker*," "the scheme of downward

and upward 'departures' is essentially replaced by the requirement that judges impose a

'reasonable' sentence." *United States v. Mohamed*, 459 F.3d at 986-87.[11]  And even under

---

[11] As the District Court for the Northern District of Illinois noted in *United States v. Caputo*, 456 F. Supp.2d 970 (N.D. Ill. 2006):

> Every...Circuit, except for the [Seventh and] Ninth, [footnote omitted]
> agrees that the appropriate sentencing methodology is the three-level
> analysis of: (1) applying the Guidelines; (2) considering any...departures
> under the Guidelines; and (3) considering whether the resulting sentence
> range yields a reasonable sentence under the general factors enumerated in
> 18 U.S.C. §3553(a). *See, e.g., United States v. McBride,* 434 F.3d 470, 471
> (6th Cir. 2006) (because Guideline 'departures' are a part of the appropriate
> Guideline range calculation they are still a relevant consideration for
> determining the appropriate Guideline sentence); *United States v.
> Samuelsen,* No. 05-4280, 2006 WL 2826730, at *5 (3d Cir. Oct. 4, 2006)

Page 28 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
REQUEST FOR BRIEFING ON ISSUES SURROUNDING
DEFENDANT'S SENTENCING

the Ninth Circuit view, "the discretion that the district court judge employs in determining

a reasonable sentence will necessarily take into consideration many of the factors

enumerated in Section 5K of the Sentencing Guidelines." *United States v. Mohamed*,

459 F.3d at 986-87.

Applying this "reasonableness" as opposed to "departure" test to Mr. Paul's

sentence, it is doubtful that any sentence above the range established under §2K1.4(a)(4)

would be deemed reasonable in light of the Court's initial determination to "simply not

impose the enhancement" on Mr. Paul. June 5, 2007 transcript appended hereto as

Exhibit 102 at 11. This decision was rendered after the government had a full and fair

opportunity to present evidence and legal argument in support of the enhancement and the

Court had a full and fair opportunity to exercise its discretion. It did so by refusing to

increase defendant's offense level. Given the directive that the Guidelines' purpose is to

achieve "honesty in sentencing," the Court's decision to forego the enhancement had to

---

(expressly rejecting the Seventh Circuit's position that departures are
obsolete and clarifying that departures under the Guidelines remain an
important cog in the sentencing mechanism separate and apart from the
18 U.S.C. §3553(a) variances from the Guidelines); *United States v.
Calzada-Maravillas*, 443 F.3d 1301 (10th Cir.2006) (Guideline departures
survive *Booker* ); *United States v. Chase*, 451 F.3d 474, 482 (8th Cir.2006)
(affirming departure after *Booker* ). This almost universal approach is
consistent with 18 U.S.C. §3553– which explicitly authorizes departures
under the Guidelines–and with the remedial portion of the *Booker* opinion–
which did not excise the concept of departures from the Guidelines. *Booker*,
543 U.S. at 246-62, 125 S. Ct. 738. *United States v. Caputo*, 456 F. Supp.2d
at 981.

DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
REQUEST FOR BRIEFING ON ISSUES SURROUNDING
DEFENDANT'S SENTENCING

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

be based on the circumstances of the offense itself, not a concern about the impact of the decision on the resulting presumptive sentence. As such, the Court's explicit decision to forego the enhancement rendered it clearly unreasonable for the Court to resuscitate that enhancement to achieve a desired result when the Court chose a different Base Offense Level as the starting point for its Guideline calculations.

As pointed out in defendant's May 30, 2007 sentencing letter, principles of issue preclusion simply foreclose such inconsistency. *Kremer v. Chemical Construction Corp*., 456 U.S. 461, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982); *Communications Telesystems Int'l v. California Pub. Utility Comm'n,* 196 F.3d 1011 (9th Cir. 1999); *People of State of California v. Federal Communications Commission,* 905 F.2d 1217 (9th Cir. 1990); *United States v. Banco Intrenacional/Bital S.A*., 110 F. Supp.2d 1272, 1280 (C.D. Cal. 2000). Put simply, once having exercised informed discretion and determining that an increase in punishment was not warranted by factors "not adequately take into account" by the applicable guidelines, the Court's discretion was exercised and at an end.

But even if the Court were legally entitled to resuscitate this rejected grounds for enhancing Mr. Paul's sentence, it was legally limited to a sentence within the range of the offense level one level greater than would otherwise apply. This follows from the fact that the Court imposed only a one-level increase on Mr. Tubbs for this circumstance. May 24, 2007 Tubbs transcript at 19 appended hereto as Exhibit 105. As the sole author of the communique which provided the justification for this enhancement, it would clearly be

Page 30 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

unreasonable to sanction Mr. Paul more severely for it; this would clearly violate the goal of "proportionality" and "Congress' basic statutory goal [of establishing] a system that diminishes sentencing disparity" [*United States v. Booker*, 543 U.S. at 250-51].

Hence, accepting the guideline provisions of U.S.S.G. §2K1.4 as the correct starting point for imposing a "reasonable" sentence on Mr. Paul, the proper calculation would be as follows:

| Guideline Provision | Guideline Application | Basis |
|---|---|---|
| Base Offense Level [U.S.S.G. §2K1.4(a)(4)] | 6 | June 5, 2007 transcript appended hereto as Exhibit 102 at 22. |
| Specific Offense Characteristics [U.S.S.G. §2B1.3(b)(3)(1); property damage > $800,000, < $1,500,000] | +13 | June 5, 2007 transcript appended hereto as Exhibit 102 at 22. |
| More than minimal planning [U.S.S.G. §2B1.3(b)(3)] | +2 | June 5, 2007 transcript appended hereto as Exhibit 102 at 22. |
| Victim Related Adjustment [U.S.S.G.§3A1.4] | 0 | June 5, 2007 transcript appended hereto as Exhibit 102 at 22-23. |
| Departure for circumstances not adequately taken into account by the Sentencing Commission [U.S.S.G. §5K2.0] | +1 | May 24, 2007 transcript appended hereto as Exhibit 105 at 19. |
| Adjustment for Acceptance of Responsibility [U.S.S.G. §3E1.1] | -3 | Final Presentence Report, ¶43 |
| Total Offense Level [prior to consideration of departures] | 18 | |

Page 31 -     DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

| | | |
|---|---|---|
| Maximum upward departure for circumstances not adequately taken into account by the Sentencing Commission [U.S.S.G. §5K2.0] | +1 | May 24, 2007 transcript appended hereto as Exhibit 105 at 19. |
| Minimum downward departure government obligated to secure under plea agreement | -1 | Plea Agreement |
| Minimum downward departure consistent with Court's actions in related sentencings | -1 | June 5, 2007 transcript appended hereto as Exhibit 102 at 25-27. |
| Total Offense Level | 16 | |
| Criminal History Category [U.S.S.G. §4A1.1] | I | June 5, 2007 transcript appended hereto as Exhibit 102 at 25. |

The range for a Level 16/Criminal History Category I Offense is 21-27 months. This is substantially below the low end of the range established by the plea agreement - under which the government [contending that the Terrorism Enhancement applied to the Cavel West arson] could seek a sentence of up to 60 months and the defense was entitled to argue for 37 months. Because the only basis the Court has given upwardly to depart for this offense is the "intent" reflected in the communique, the maximum "reasonable" sentence the Court may impose would be the low end of the range established by the plea agreement, not the 51 month sentence the Court sought to impose on June 5, 2007.

Under the secondary methodology employed by the Court on June 5, 2007, the maximum "reasonable" sentence the Court may impose on Mr. Paul is 37 months.

//

Page 32 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING

## CONCLUSION

For each of the reasons set forth above, the Court is urged to recognize that a sentence of 51 months would be unreasonable and to sentence Mr. Paul to a term of incarceration no greater than 37 months.

Dated this 18th day of June, 2007.

Respectfully submitted,

RANSOM BLACKMAN LLP


/s/ MARC D. BLACKMAN
MARC D. BLACKMAN
OSB No. 730338
[503] 228-0487
Of Attorneys for Defendant Paul

Page 33 -    DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S
REQUEST FOR BRIEFING ON ISSUES SURROUNDING
DEFENDANT'S SENTENCING

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT PAUL'S MEMORANDUM IN RESPONSE TO COURT'S REQUEST FOR BRIEFING ON ISSUES SURROUNDING DEFENDANT'S SENTENCING on the following parties by electronic case filing notice or e-mail transmission of a full and correct copy thereof on the 18th day of June, 2007.

John C. Ray, Esq.                                    john.ray@usdoj.gov
Mr. Kirk A. Engdall, Esq.                         kirk.engdall@usdoj.gov
Assistant United States Attorneys
United States Attorney's Office
405 East 8th Street
Eugene, OR 97401

Stephen F. Peifer, Esq.                           steve.peifer@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue
Portland, OR 97204-2902

    Of Attorneys for the United States

Craig E. Weinerman                            craig_weinerman@fd.org
Office of the Federal Public Defender
151 W. 7th
Suite 510
Eugene, OR 97401

    Of Attorneys for Defendant Chelsea Gerlach

Lee D. Foreman                                 ldforeman@hmflaw.com
Haddon, Morgan, Mueller, Jordan,
   Mackey & Foreman, P.C.
150 E. 10th Avenue
Denver, CO 80203

//

//

Page 1  -     CERTIFICATE OF SERVICE

Shaun S. McCrea                                        smccrea@callatg.com
McCrea, PC
1147 High Street
Eugene, OR 97401

    Of Attorneys for Defendant Kendall Tankersley

Amanda E. Lee                                          lee@sgb-law.com
Jeffery P. Robinson                              robinson@sgb-law.com
Schroeter, Goldmark & Bender
810 Third Avenue
Suite 500
Seattle, WA 98104

Kelly R. Beckley                             kbeckley@beckley-law.com
Beckley Law Firm
P.O. Box 11098
Eugene, OR 97440-3298

    Of Attorneys for Defendant Daniel McGowan

Richard L. Fredericks                             rlfred@comcast.net
750 Lawrence Street
Suite 2
Eugene, OR 97401

Terri Wood                                        twood@callatg.com
Law Office of Terri Wood, PC
730 Van Buren Street
Eugene, OR 97402

    Of Attorneys for Defendant Stanislas Gregory Meyerhoff

John Joseph Kolego                           johnkolego@yahoo.com
John J. Kolego, P.C.
804 Pearl Street
Eugene, OR 97401

    Of Attorneys for Defendant Suzanne Nicole Savoie

//

Page 2  -     CERTIFICATE OF SERVICE

Daniel L. Feiner                                         dan@danfeiner.com
1030 N.W. 12th Avenue
Unit 5
Portland, OR 97209

     Of Attorneys for Defendant Darren Thurston

Marc P. Friedman                                    mpfriedma@yahoo.com
Marc P. Friedman, Attorney at Law
245 West 13th Avenue
P.O. Box 11167
Eugene, OR 97440

     Of Attorneys for Defendant Kevin Tubbs

John E. Storkel                                     oceanpoet@comcast.net
John E. Storkel, PC
1415 Liberty Street, S.E.
Salem, OR 97302

     Of Attorneys for Defendant Nathan Fraser Block

William R. Sharp                                    sharp3223@comcast.net
1342 High Street, 2nd Floor
Eugene, OR 97401

     Of Attorneys for Defendant Joyanna L. Zacher

Lynn Purdue                                Lynn_Purdue@orp.uscourts.gov
Sr. United States Probation Officer
405 East 8th Street
Eugene, OR 97401


//

//

//

//

Page 3  -    CERTIFICATE OF SERVICE

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Nichole Houchins                              Nichole_Houchins@ord.uscourts.gov
United States Pretrial Services Office
310 West Sixth, Room 106
Medford, OR 97501


RANSOM BLACKMAN LLP



/s/ MARC D. BLACKMAN
MARC D. BLACKMAN
OSB No. 730338
[503] 228-0487
Of Attorneys for Defendant Paul

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984